# Central of Ga. Ry. Co. *v.* Alexander as Admr.

*Action for Damages for Death of Employe.*

[DECIDED JAN. 9, 1906, * 40 So. REP. 424.]

1. *Master and Servant; Death of Servant; Defects in Ways; Bridges.*—Where defendant company continued to operate trains under a bridge, which it had permitted another company to erect and maintain over its tracks, a defect in such bridge was a defect in the "ways" of defendant.

2. *Same; Low Bridges; Whipping Straps.*—The complaint having alleged that the failure to provide whipping straps to the approach to a low bridge was negligence which proximately

caused the death of plaintiff's intestate, and the courts not being able to affirm, as a matter of law, that the failure to place such straps there is or is not negligence, the question of negligence, *vel non*, was a proper matter for consideration, and the demurrers raising that point were properly overruled.

3. *Death; Damages; Earning Capacity.*—The amount being paid to plaintiff's intestate at the time of his death was a proper criterion of his earning capacity, and could be shown without proof of the contract between deceased and defendant.

4. *'Death; Measure of Damages; Evidence.*—The measure of damages recoverable for the wrongful death of an employe being the pecuniary injury sustained by those to whose benefit the recovery inures, it is a proper subject of inquiry as to the habits of economy of decedent, what he did with his earnings, etc., to ascertain whether he saved anything, and what his probable accumulation would be.

5. *Same; Employer's Liability Act.*—In an action brought under the Employer's Liability Act, by administrator, for wrongful death of employe, the amount recoverable as damages is merely nominal, where it is shown that decedent spent all his earnings upon himself, or other objects than the support of his distributees

6. *Appeal, Evidence; Prejudice.*—Proof of the fact that decedent spent a portion of his earnings on his grandmother, was without injury, when it was shown that he had a brother and sister, as no recovery could be had based upon what was given by decedent to one not a distributee of his estate.

*Rehearing granted Apirl 3, 1906, judgment of reversal set aside, and judgment of lower court affirmed.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

This is an action for damages by the administratrix of Will Hinesly suing to recover for the death of her intestate, who was an employe of the defendant corporation in the capacity as brakeman on one of its freight trains. The complaint was in the following language. Count 1. The plaintiff suing in her capacity as administratrix of Will Hinesly, deceased, claims of the defendant the sum of $10,000 for that, heretofore, on towit, the 13th day of Jan. 1903, in said state and county, being then and there engaged in operating trains by means of steam over its railway in said county, and the plaintiff's intestate being then and there employed by defendant in the

capacity of brakeman on one of its freight trains, and while so employed in and about the business of the defendant lost his life by reason of a defect in the construction of the ways, works, machinery or plant connected with or used in the business of defendant, said defect consisted in this, the defendant railway negligently permitted the Montgomery Traction Co., a corporation, to erect across its track an over-head bridge so low that there was danger to the brakeman on the freight trains of said railway company by being struck by said bridge and injured or killed, and plaintiff avers that her intestate was killed by being struck by said overhead bridge, while in the discharge of his duties as such brakeman; and the plaintiff avers that said defect arose from or had not been discovered or remedied owing to the negligence of the defendant railway or of some person in its service and entrusted by it with the duty of seeing that its ways, works, machinery or plant were in proper condition. Count 2. (Same as count one down to and including the words "Connected with or use in the business of the defendant" where they last occur in the count) in this, the defendant maintained or negligently permitted to be erected or maintained an overhead bridge or viaduct across its said railway so low and in such sort that a brakeman in the performance of his duties on defendant's train would be greatly endangered and his life jeopardized, and plaintiff avers that the defendant had provided no "whipping straps" or other warning of said dangerous bridge or viaduct. That plaintiff's intestate was then and there making his first trip over said railway as brakeman and at the time he was killed was ignorant of the dangerous character of said low bridge and said lack of whipping straps. And plaintiff avers that said defects arose from or had not been discovered or remedied owing to the negligence of said defendant, or of some person in its service and entrusted by it with the duty of seeing that its ways, works, machinery or plant were in proper condition. Count 3. Said plaintiff further claims of the defendant the sum of $10,000 as damages for that on heretofore towit, during the year 1901 the defendant negligently permitted the Montgomery Traction Co., a corporation engaged in op-

erating street cars by electricity in and near the city of Montgomery, Ala., to construct and maintain an overhead bridge or viaduct across the railway of defendant, the Central of Georgia Ry. a corporation engaged in the transportation of passengers and freight by means of steam over its railway, in this, it constructed said bridge too low for safety to brakesmen on the train of the C. of Ga. Ry. Co., and plaintiff further avers that the defendant negligently ordered her said intestate who was then and there a coupler employed as such by the Western Ry. of Alabama, in its yards at Montgomery, Ala., to make a trip as brakesman on a freight train of the defendant about to leave Montgomery for the East running towards Union Springs; and plaintiff avers that her said intestate had never made a trip over said road as brakesman which fact was known to the said defendant and plaintiff's intestate was unacquainted with the low bridge heretofore mentioned; that in obedience to said order, he went out on said train as brakeman and was killed by being struck by said overhead bridge while in the discharge of his duties as such brakeman and plaintiff avers that the defendant railway negligently failed to keep and maintain whipping straps near said low overhead bridge to give warning of the danger caused by said bridge and plaintiff avers that said negligence together with the aforesaid negligence caused the death of her intestate in that he was not warned of said bridge in time to escape the danger thereof. Count 6 alleges plaintiff's intestate was a brakeman on defendant's train for the first time, that he was not examined respecting his capacity to fill the position, did not know the road and on account of his ignorance was struck by the bridge, and the negligence alleged consisted of his not being warned of said bridge. Count 7 alleges employment, that he went out as brakesman for the first time that day, and that there was a defect in the ways, works and machinery, in that the defendant failed to erect whipping straps near to the bridge to give warning of approach to the bridge. Count 8 alleges negligence in permitting the erection of the bridge in the manner in which it was erected and allowing it to be maintained in that way which is alleged to be a defect in the ways, works, ma-

chinery or plant. Count 9 alleges negligence in the failure of the railroad company to warn intestate.

The suit was originally begun against the Central of Ga. Ry. Co. and the Montgomery Traction Co. Both companies demurred on the grounds that there was a misjoinder of party defendants; because said compalint seeks to recover for two distinct causes of action, a liability under the statute for the death of plaintiff's intestate by the negligence of his employer, and it seeks to recover for the death of plaintiff's intestate, caused by the erection of a nuisance. Each defendant separately demurred to the first count because it fails to show in what said defects consisted, and because there is no joint liability under the averments of the court. The same demurrers applied to count 2. The complaint was afterwards amended by striking out the Montgomery Traction Co., as a party defendant. Demurrers were filed to the 6th, 7th, 8th and 9th counts of the complaint raising practically the same question as the demurrers above set out, and the further grounds that the count fails to state a cause of action under any subdivision of the Employer's Liability Act and because no causal connection is shown between the negligence of the defendant complained of and the injury, and because the complaint shows that the structure was not a part of the ways, works, machinery or plant. These demurrers were overruled. Issue was joined on the plea of general issue The evidence tended to show that the plaintiff's intestate was working as a coupler for the Western Ry. in its yards at Montgomery. That the Western and the Central had a joint yard-master, and that on the day plaintiff's intestate was killed, he was sent out by the yardmaster as a brakeman on defendant's freight train, and when last seen alive, was on top of the train just before it reached the Ripley Street bridge over the defendant's track, that he was found face downward in a coal car dead, with a gash on the side of his head. The coal car was attached to the same train that plaintiff went out on. and was next to the car and behind it, on which plaintiff's intestate was last seen. Defendant objected to the evidence as to what plaintiff's intestate was receiving for coupling and switching cars in the Western yards

just before going on this trip, it was further shown that intestate had a brother and sister living, but that he did not contribute any thing to their support, and that he saved no money. It was further shown over the ob-jection of defendant that he was living with his grand-mother and contributed each month to her support. The defendant requested a number of charges which were refused. Charges 1, 2, 3, 4, 5, 6, 7, 8, and 9 were charges requiring the jury to find for the defendant upon the va-rious counts of the complaint if they believed the evi-dence. Charge F. The court charges the jury that there is no evidence that Hinesly was not informed of the loca-tion of the bridge by the night yard-master at the time he employed him. G. The court charges the jury that it is not shown how the failure to provide whipping straps in any way contributed to the death of plaintiff's intestate, and if the jury believe from the evidence that the failure to provide whipping straps did not contrib-ute proximately to the death of plaintiff's intestate, then it was not negligence for failure to provide them. Charge M. The court charges the jury that the bridge of the Montgomery Traction Co. was not a defect in the ways, works, machinery or plant connected with or used in the business of the defendant. There was verdict for $1,000, and judgment entered thereon. The defendant made mo-tion for a new trial which was overruled.

The third assignment of error is as follows: "In over-ruling objection of the defendant as to what the Western Ry. paid Hinesly." The fourth assignment was as fol-lows: "In overruling the objection of defendant to the question as to whether Hinesly supported his grand-mother or not."

CHARLES P. JONES and W. F. THETFORD, for appellant. The complaint as a whole is bad, in that it sought to re-cover upon two distinct causes of action, one being a de-fect in the ways, works, etc. and the other the common law liability for permitting a third person to erect a nuisance over the tracks of the defendant. There is a clear distinction between a cause of action under the Employer's Liability Act and a cause of action under § 27. Clearly, an obstruction near the roadway is no part

of the ways, works, machinery or plant.—*N. A. Ry. Co. v. Mansell.* The demurrers interposed to each count of the complaint should have been sustained to each count. The court erred in its rulings on the admission of testimony. The charges requested by the defendant should have been given.

PEARSON & RICHARDSON, for Appellee.—There are no errors in the record prejudicial to appellant and the judgment of the lower court should be affirmed.

SIMPSON, J.—This is an action of damages for the death of Will Hinesley, who was an employe of the defendant (appellant). The first contention of appellant is that the court erred in overruling appellant's demurrer to the complaint, on the ground that "said complaint seeks to recover for two distinct causes of action, to wit, a liability under the statute for the death of plaintiff's intestate resulting from a defect in the ways, works or machinery; and, second, for the death of plaintiff's intestate, as a result of permitting a third person to erect a nuisance." This court holds that if the defendant company permitted another company to erect a bridge over its track, and continued to operate its trains under said bridge, a defect in said bridge would constitute a defect in the ways of defendant. Consequently there were not two distinct causes of action, and the demurrer to the complaint as a whole was properly overruled.

The demurrers to counts 6, 8, and 9 were properly overruled. Said counts are sufficient under the decisions of this court.—*Ala. Great Sou. Ry. v. Davis,* 119 Ala. 573, 24 South. 862. The demurrer to the seventh count was properly overruled. While it is true that this court has declared in several cases that the court cannot affirm as a matter of law that the failure to place whipping straps on a bridge is negligence, yet, on the other hand, the court cannot affirm as a matter of law that it is not negligence; and as this count alleged that it was negligence in this case, and that the death of intestate resulted from it, it was a proper matter for consideration.

There was no merit in the third assignment of error. The amount that the decedent was being paid, at the time of his death was a fair criterion as to his earning ca-

[Central of Ga. Ry. Co. v. Alexander as Admr.]

pacity. It was not necessary to prove the contract between him and the railway company.

Referring to the fourth assignment of error: under the decisions of this court the measure of damages recoverable by the administrator of an employe is the pecuniary injury sustained by the persons to whose benefit the recovery inures, and for the purpose of ascertaining the probable pecuniary injury it is proper to inquire into the habits of economy of the decedent, what disposition he made of his earnings, etc., so as to ascertain whether he would accumulate anything, so that the distributees of his estate when he died would be likely to realize any thing out of his estate. If he spent all of his earnings on himself, or on other objects than the support of said distributees, the measure of the recovery would be nominal, on the count under the employer's liability act. If he spent a part of it in such ways and saved a part, these would be material inquiries in ascertaining the measure of damages. Hence the testimony here objected to was proper.—*L. & N. R. R. Co. v. Jones,* 130 Ala. 456, 30 South. 586; *L. & N. R. R. Co. v. Morgan,* 114 Ala. 449, 458, 22 South. 20; *Bromley v. Birmingham Min. R. Co.,* 95 Ala. 397, 406, 11 South. 341; *L. & N. R. R. Co. v. Trammell,* 93 Ala. 351, 354, 9 South. 870; *James v. Richmond & D. R. Co.,* 92 Ala. 231, 235, 236, 9 South. 335; *L. & N. R. R. Co. v. Orr,* 91 Ala. 548, 552, 553, 8 South. 360. His grandmother not being one of the distributees, as he had a brother and sister, it could be no injury to defendant, to show that he appropriated a portion of all of his wages to her support.

There was no error in admitting the testimony of Wood (assignments 5 and 6.) The witness' testimony did not show, as contended, that he did not know, but only that the height of box cars varied from 11 to 13 feet.

The court committed no error in refusing charges as follows: Charges numbered 1, 2, 3, 4, 5, 6, 7, 8, and 9. *Bessemer Liquor Co. v. Tillman,* 139 Ala. 462, 36 South. 40. There was no error in the refusal to give charges F. and G. They were in the nature of arguments. Charge M. was properly refused, as shown in a previous paragraph of this opinion.

[Williamson Iron Co. v. McQueen, as Admr.]

There was no error in overruling the motion for a new trial.

The judgment of the court is affirmed.

McCLELLAN, C. J., and DOWDELL and DENSON, JJ., concur.

*Action for Damages for Death of Employe.*

