## HUBBARD *v.* CENTRAL OF GEORGIA RAILWAY CO.

Under the construction placed by the Supreme Court of Alabama upon the subsection of the employer's liability act of that State (Civil Code of 1896, § 1749; Civil Code of 1907, § 3910), which provides that an employer is liable for a personal injury received by his employee, "when the injury is caused by any defect in the ways, works, machinery, or plant connected with or used in the business of, . . the employer," a wire stretched over and across the track of a railroad company, not sufficiently high above a freight-car running on the track to permit an employee standing on the top of such car to safely pass under the wire, does not constitute a defect in the way or track, where there is nothing to indicate that such wire is not a mere movable object temporarily placed too near the track.

Argued May 21,—Decided November 11,—Rehearing denied December 10, 1908.

Action for damages. Before Judge Cann. Chatham superior court. July 18, 1907.

W. S. Hubbard brought an action against the Central of Georgia Railway Company, for the recovery of damages for the loss of services of his minor son, D. E. Hubbard. The substance of the petition, now material, was: Plaintiff's son was in the employment of the defendant as a flagman; and while standing on the top of a freight-car of defendant, in the discharge of his duties, in the State of Alabama, was struck by a wire stretched over and across the track upon which the car was running, and thereby pulled from the train and injured in the manner described, causing the loss of services as set forth. By amendment it was alleged that the wire so stretched by the agents or employees of the defendant, or permitted to be so stretched by some other person with the consent and knowledge of the defendant, was not of sufficient height above the top of a freight-car to permit a man standing thereon to safely pass under the wire, which fact defendant knew, or by the exercise of ordinary care should have known, and that defendant was negligent in allowing the wire to be so stretched and to remain so stretched. The petition further alleged:

"Par. 8. Your petitioner shows that the said D. E. Hubbard was at the time of said accident entirely free from fault, and that the accident and injuries resulted from a failure on the part of the officers, agents, servants, and employees of said defendant company to exercise ordinary and reasonable care to prevent said accident. . . Par. 10. Your petitioner shows that the law of

the State of Alabama governing in such cases is as follows: 'Volume 1, Civil Code of Alabama 1896, section 1749. *Liability of the Master or Employer to a servant or employee for injuries.* When a personal injury is received by a person or employee in the service or business of the master or employer, the master or employer is liable to answer in damages to such servant or employee, as if he were a stranger, and engaged in such service or employment, in the cases following: 1. When the injury is caused by any defect in the condition of the ways, works, machinery, or plant connected with or used in the business of the master or employer.

. . But the master or employer is not liable under . . subdivision 1, unless the defect therein mentioned arose from, or had not been discovered or remedied, owing to the negligence of the master or employer, or of some person in the service of the master or employer, and intrusted by him with the duty of seeing that the ways, works, machinery, or plant were in proper condition.' . . Par. 12. Your petitioner shows that said injury was caused by reason of a defect in the condition of the way connected with and used in the business of the defendant company, said defect being the wire stretched across said way in the manner heretofore shown. Par. 13. Your petitioner shows that said accident and injuries arose from a defect of the way hereinbefore mentioned, and that said defendant company, its officers, agents, and employees intrusted with the duty of seeing that the way was in proper condition, were negligent in not discovering and remedying said defect. . . Par. 15. Your petitioner alleges that each and all of said acts or failure in connection with the stretching of said wire above described constituted negligence on the part of the defendant company, and was the cause of said accident and injuries."

The petition was demurred to on several grounds, one of which was: "Because it appears by the petition that the wire alleged to have been stretched across this defendant's track was a foreign substance or obstacle having no connection with or relation to the defendant's track, and was not a defect in the ways, works, machinery, or plant connected with or used in the business of this defendant." This ground was sustained, and the petition dismissed; whereupon the plaintiff excepted.

*Thomas E. Watson, Green & Watson, Twiggs & Gazan,* and *Oliver & Oliver,* for plaintiff.

*Lawton & Cunningham* and *H. W. Johnson,* for defendant.

FISH, C. J. (After stating the facts.)  As will have been noticed, in reading the above statement of facts, the case was not laid upon any alleged common-law liability of a master to his servant for injuries caused by a defect in the premises or appliances of the business, but was expressly and specifically predicated, in the petition, alone upon the statute of Alabama, which was in terms set forth, and the liability claimed was definitely based upon that portion of subdivision 1 of the statute quoted, which provides that the employer shall be liable when a personal injury received by his employee is caused by reason of any defect in the condition of the way connected with or used in the business of the employer.  This will be seen by reference to paragraphs 12 and 13 of the petition, which are quoted above.  Counsel for plaintiff in error, in their brief filed in this court, say:  "This action is based on subsection 1 of the statute of Alabama, contained in section 1749 of the Civil Code of Alabama, 1896, which subsection makes the master liable to answer in damages to a servant injured while in the employment of the master, 'when the injury is caused by reason of any defect in the condition of the ways, works, machinery, or plant connected with or used in the business of the master or employer;' " and that "the sole question now presented for determination is whether or not, under the facts alleged, the wire was such part of the 'ways, works, machinery, or plant' of the defendant as to enable the plaintiff to maintain his action."  While the ground of the demurrer was, in view of the allegations of the petition, somewhat broader than was necessary, still the demurrer went to the very foundation upon which the petition rested; and it having been sustained, the real and only question presented for adjudication by the writ of error is, whether the wire stretched above and across the track of the defendant, as alleged, was a defect in the condition of the way connected with or used in the business of the defendant.  Counsel for plaintiff in error do not contend, nor did the petition allege, as we have already noted, that the wire was part of the works, machinery or plant of the defendant.

The Alabama statute under consideration (Civil Code, 1896, par. 1749, Code 1907, par. 3910), "as far as it goes," as was said in Mobile & B. R. Co. *v.* Holborn, 84 Ala. 133 (4 So. 146), "is a

substantial copy of the English act entitled 'the employer's lia-
bility act,' of 1880." See copies of both acts, 2 Labatt on Master
& Servant, 1926-1930. The Supreme Court of that State has dealt
with the statute in question in a number of cases. In Kansas City,
M. & B. R. Co. v. Burton, 97 Ala. 240 (12 So. 89), the plaintiff, a
switchman in the employment of the defendant railroad company,
while performing his duties on a car forming a part of a train
moving on defendant's main line, was injured by being struck
by a refrigerator-car which had been left on what was known as
the cold-storage track, in close proximity to the main line. On
the point as to whether the proximity of the refrigerator-car to
the track on which defendant's train was being operated constituted
a defect in that track, the court, speaking through McClellan, J.,
after stating that the statute was substantially copied from the
English employer's liability act, said: "It is the settled construc-
tion of the act in that country that no mere obstruction on or too
near to the 'ways' is a defect therein within subsection 1. The
presence of no foreign body or substance on or dangerously near
to the track of a railway, which does not affect the track itself or
its condition inherently considered, but is only an obstacle with
which moving trains would collide, can be said to constitute a
defect in the track. There must be some inherent condition of a
permanent nature of the ways, works, machinery, or plant, which
unfits the thing for its uses—some weakness of construction with
reference to the proposed uses (as where the ordinary appliances
for drawing buckets of water from a well are used to lower and
hoist men) —some inadaptation to its purposes (as where the
sides of a coke lift are not sufficiently fenced to safely hoist its
burden: Heske v. Samuelson & Co., 12 L. R. (Q. B.) 30)—some
break or misplacement of the parts, or the absence of some part,
some innate abnormal quality of the thing which renders its use
dangerous (as the viciousness of a horse constituting 'plant' in
the business of a wharfinger: Yarmouth v. France, 19 L. R. (Q.
B.) 647) —some obstacle in the way of use or obstruction to use
which is a part of the thing itself, or of the condition of the
thing itself, as holes in or ice upon a way—or the like—to con-
stitute a defect in the ways, works, machinery, or plant, under the
statute." The learned Justice then quoted the following language
of Stephen, J., in McGriffin v. Palmer's Shipbuilding & Iron Co..

10 L. R. (Q. B.) 5: "I do not think we ought to put so wide a construction on the words 'condition of the way' as to include obstacles lying upon the way, which obstacles do not in any degree alter the powers of the way or alter its fitness for the purposes for which it is generally employed, and can not be said to be incorporated with it. It seems to me, therefore, that the presence of this piece of tap on the road can not be called a defect in the way." Judge McClellan further said: "In the case from which this language is taken, a workman was killed in consequence of a way, along which it was his duty to draw a bogie loaded with puddled iron at white heat, being obstructed. The obstruction consisted of a piece of tap or slag which had been placed by a fellow-laborer so near to the tramway on which the bogie ran as to collide with it. This was held not to be a defect in the way or in the condition of the way. . . This is in principle precisely our case. We think the doctrine of this case eminently reasonable and sound, and we adopt it; and this notwithstanding a contrary doctrine—that coal left too near a railway track constituted a defect therein—appears to have been taken for granted in the case of Highland Avenue & Belt R. R. Co. *v.* Walters, 91 Ala. 435 [8 So. 357]. Clearly a moveable object temporarily placed in dangerous proximity to a railroad track is not a defect in the condition of such track, within the English doctrine, which we adopt as the sounder and better. The track is in the same condition after as it was before the object was so placed. A car left standing on the main line of a railway is certainly as obstructive of its use as one too near it on a side-track; yet it would be absurd to say that the track under that car, the 'way' upon which it stands and which was constructed especially to support it, is rendered defective when it is only subserving the uses for which it was intended."

In Louisville & Nashville R. Co. *v.* Bouldin, 110 Ala. 185 (20 So. 325), it was held: "A foreign substance, having no other connection or relation with the track of a railroad than arises from its having been left in dangerous proximity thereto, is not a defect in the condition of any such track or roadway; and when, in an action against a railroad by the administrator of a deceased employee, to recover damages, the complaint alleges that the intestate's death was due to a defect in the condition of defendant's railroad track, in that an oil-box, which was part of a car, had

been left so near the track as to cause the deceased to be thrown from the footboard of the engine where he was standing, as his duty required, does not aver a defect in the condition of the track, but simply an extraneous obstruction, and is, therefore, insufficient as alleging a cause of action under the first clause of section 2590 of the code, which provides that the employer is liable for injury to his employees when the injury is caused by any defect in the condition of the ways, works, machinery, or plant used in or connected with the business of the employer." In the opinion the court, speaking of the first count in the complaint, said: "In drawing this count, the pleader obviously intended to present a case under clause 1 of §2590 of the Code. It is clear—confessed, indeed—that this count is not good under that subdivision, because it shows that the oil-box was a foreign substance, having no other connection or relation with or to the track than arose from its having been left in dangerous proximity thereto, and hence was not a defect in the condition of the track (the track was not at all defective), but a mere extraneous obstruction to the proper and safe use of the track, as would have been a car standing upon it when this engine was moving along there. Railroad Co. v. Burton, 97 Ala. 240, 246 [12 So. 88]."

In Southern Railway Co. v. Moore, 128 Ala. 434 (29 So. 659), it was held that a rope used for lowering timber in the construction of a trestle along a railroad track, by means of which heavy timbers were put into their places, was in no sense a part of the ways, works, machinery, or plant of the railroad company; and that the count in the complaint basing a right of action on a defect in the rope did not state a cause of action under subdivision 1 of the employer's liability act (Code of 1896, §1749).

In Northern Alabama Ry. Co. v. Mansell, 138 Ala. 548 (36 So. 459), the action was against a railway company for the wrongful death of an employee, resulting from his being struck by a stock-gap, or a wire thereon, placed too near the railroad track. When struck the employee, in the discharge of his duty, was standing upon the lower step of a passenger-coach and leaning out to watch a hot box thereunder. It was held, that, in the absence of imputation of negligence or other wrong to any fellow-servant of the employee, the action was not brought under the statute embodied in Code of 1896, chap. 43, but should be regarded as brought un-

der Id. par. 27, which gives to a personal representative the right to maintain an action for a wrong causing the death of his intestate, and under which the liability of the defendant is to be determined by the rules of the common law. It was held in Southern Railway Co. *v.* Shook, 150 Ala. 361 (43 So. 579), that "The placing by a railway company of a box-car on a side-track, to be used as a baggage-room, so close to the main track that there was insufficient space for an employee to transfer baggage between such car and trains on the main track, was at most an obstruction, and in no sense a defect in the ways, works, etc., within the employer's liability act, Code 1896, par. 1749, subd. 1." The cases of L. & N. R. Co. *v.* Bouldin, K. C., M. & B. R. *v.* Burton, supra, and B. F. & N. R. *v.* Gross, 97 Ala. 220 (12 So. 236), were cited in support of the ruling.

Counsel for plaintiff in error cite the case of East Tenn., Va. & Ga. Ry. Co. *v.* Thompson, 94 Ala. 636 (10 So. 280), wherein it was held: "The supply-pipe of a water-tank, hanging over or near a railroad track, is a part of its ways, works, machinery or plant, as those words are used in the statute (Code, par. 2590); and if it hangs so near the track that a brakeman, passing under it in the discharge of his duties, is struck and injured or killed, not being guilty of contributory negligence, an action for damages lies against the railroad company." This case is not referred to in any of the later decisions which we have cited from that court; but it will be noted that in this earlier case it was held that the supply-pipe projecting from a water-tank was a part of the "ways, works, machinery, or plant" of the defendant company. All four of the instrumentalities named in the statute are specified, and it is impossible to say with certainty to which instrumentality it was intended to refer the pipe which caused the injury. See Labatt on Master & Servant, 1953. So, in Alabama Consolidated Coal & Iron Co. *v.* Hammond, Ala. (47 So. 248), it was held, by a majority of the court, that the evidence in that case showed that a wall of a stone quarry was a part of the "ways or works" of the master within the meaning of the employer's liability act (Ala. Code of 1907, § 3910, subd. 1). Whether such wall was held to be a part of the ways or to be a part of the works the decision leaves in doubt. Another case cited for plaintiff in error is Louisville & Nashville R. Co. *v.* Banks, 104 Ala. 508 (16 So. 547).

There the plaintiff's intestate, a brakeman in the employment of the defendant railroad company, was killed by being knocked from the top of a freight-train by a low overhead bridge across defendant's track, the bridge in its low condition having been maintained for many years. It does not appear from the report of the case that the declaration was framed under the employer's liability act. There is no express ruling that the low bridge constituted a defect in the "ways" of the defendant, and the only implication, if indeed there be any at all, looking in that direction is contained in the statement by the court of the following legal proposition: "Another principle which may be regarded as finally settled is, that if an employee knows of the existence of dangers arising from defects in the ways, works, and machinery of the company, and continues in its service after the lapse of a reasonable time for the defects to be remedied or removed, he assumes this additional risk, though not incident to his original employment." The court then stated the same legal principle in another form without referring to the "ways." Another case cited for plaintiff in error is Central of Georgia Railway Co. v. Alexander, 144 Ala. 257 (40 So. 424), wherein it was held: "Where defendant company continued to operate trains under a bridge, which it had permitted another company to erect and maintain over its tracks, a defect in such bridge was a defect in the 'ways' of the defendant." Here, as in the case of Louisville & Nashville R. Co. v. Banks, 104 Ala. 508 (16 So. 547), the overhead bridge was a structure of so permanent a nature and so affecting the track itself, or its condition relatively to the operation of trains thereon, as to render the bridge, in view of what was said in Kansas City, M. & B. R. Co. v. Burton, supra, and other cases cited, a part of the track or way over and across which it was constructed. The case is clearly distinguishable from the cases to which we have called attention, wherein it was held that movable objects, temporarily placed dangerously near a railroad track, do not constitute a defect in the track. In the case at bar it does not appear from the petition whether the wire stretched over and across the railroad track was merely a movable object, temporarily placed there, or was an object of a permanent nature affecting the track itself, or its condition relatively to its use in the operation of trains; and as the demurrer raised the point that it did not ap-

pear from the petition that the wire had any connection with or relation to the railroad track, the demurrer was properly sustained, under the construction which the Supreme Court of Alabama has placed upon the employer's liability act of that State; which construction this court will follow. *Krogg* v. *Atlanta etc. R. Co.,* 77 *Ga.* 203 (4 Am. St. R. 77).

The judgment sustaining the demurrer contained the recital, "It being conceded that the wire in question was erected by a telephone company to be used in its business," and counsel for plaintiff in error argued the case before this court as if the statement in such recital were a fact to be considered in reviewing the judgment on the demurrer; but as the office of the demurrer was to test the legal sufficiency of the petition upon the facts as they were therein alleged, its scope could not by an agreement or concession, which neither amended nor purported to amend the petition, be extended to cover questions not raised by the allegations of the petition. *Constitution Publishing Co.* v. *Stegall,* 97 *Ga.* 405 (24 S. E. 33); *Shuler* v. *State,* 125 *Ga.* 778-783 (54 S. E. 689), and cases cited.

*Judgment affirmed. All the Justices concur.*