11323.   HADDEN *v.* STONE MOUNTAIN GRANITE CORPORATION.

BROYLES, C. J.   The court did not err in sustaining the general demurrer and dismissing the action.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*
DECIDED MAY 11, 1920.

Action for damages; from DeKalb superior court—Judge Hutcheson. January 2, 1920.

The action was for injury to a stonecutter, alleged to have been working as an apprentice, whose eye, it was alleged, was struck by a fragment of stone flying from a granite block which a co-employee was cutting. The petition alleges, in substance, that on October 29, 1917, when the plaintiff was injured, he was working for the defendant corporation as a stonecutter, under a contract of apprenticeship (exhibited), which, although it was for a term of three years from June 15, 1914, had not expired, because of his agreement to make up lost time. In the contract it was agreed that the defendant should teach the plaintiff the art of stone cutting " according to the union apprentice rules," and that the plaintiff should "respect and obey all orders and commands of" the defendant or any of its agents. Up to the time of the injury the defendant recognized the contract as binding both parties, and was working the plaintiff as an apprentice and paying him as such. On the day of the injury he was assigned to work on a certain block of stone located in one of the defendant's sheds, under the orders and direction of the defendant's foreman (named); and, about 8:30 o'clock a. m., while he was dutifully engaged in the work which the defendant had given him to do, and was giving close attention to cutting the stone on which he had been ordered to work, a small fragment of granite was suddenly precipitated into his eye with great force, causing injuries described. At that time two other employees of the defendant, to wit, Houston Carr and Charlie Allen, were cutting on blocks of stone located close to the one on which the plaintiff was cutting, and the piece of stone which flew in his eye was chipped from one of these blocks, and was started on its flight by the force of the chisel used by one of these men in the work. The block on which Carr was working was 5 or 6 feet to the right of the block on which the plaintiff was working, and the block on which Allen was working was about the same distance to the left of the one on which the plaintiff was working. The plaintiff does not know from which one of those blocks came the piece that struck his eye, but his best belief is that it came from the stone on which Carr was working, and so he charges the fact to be. He further charges that the stone on which Allen was working was likewise too close to plaintiff's position of work for

safety, and if the piece of stone which injured him came from Allen's block, the defendant would be liable in the same manner and to the same extent as if it came from Carr's block. It did not come from the block on which the plaintiff was working. The defendant did not instruct Carr and Allen to refrain from doing any kind of cutting that would endanger the plaintiff's safety, but directed them to perform certain work, in the course of which there would occasionally be required a kind of cutting known as "pointing up." The defendant further gave the plaintiff no warning that either of the workmen put so close to him would be required to do that kind of cutting which would make the place unsafe, and did not give him any warning or opportunity to look out for his own safety by letting him know when either of these men would commence that stage of the work which would be dangerous to the plaintiff.

The plaintiff charges that the defendant was negligent towards him in the following respects:  (1) in failing to provide him with a safe place of work; (2) in failing to instruct the man working near him not to do that kind of cutting which would endanger him; (3) in rendering his place of work unsafe, without warning him thereof, by requiring the men working next to him to perform work which at times necessarily endangered him; and (4) in failing to give him notice or warning that he would be exposed at uncertain intervals of time to danger from flying particles of stone. The plaintiff charges that in all the matters aforesaid he himself did not fail to use ordinary care for his own safety, did not consent to the injury, and was not guilty of contributory negligence, but was simply and faithfully performing the work assigned to him by the defendant, with undivided attention, without apprehension of danger, and without any chance to save himself from injury, when the bit of stone struck his eye.

In the demurrer it was contended: that the injury was caused by negligence of a fellow servant, for which the defendant was not liable; that the injury was a hazard assumed by the plaintiff as one of the risks of his employment; that it appeared that he had been working in the same place for a considerable length of time, and his opportunity of knowing the danger was equal to or greater than that of the defendant; and that the rule which ordinarily

places upon the master the duty of providing a safe place for work does not apply, under the facts alleged in the petition.

In the brief of counsel for the plaintiff it is contended, among other things, that while the contract between the parties "did not create an apprenticeship in the full sense of the term, it has some of the essentials thereof," and "it would seem that the relation between the parties was that of master and apprentice rather than the ordinary relation of master and servant," and "a different rule as to contributory negligence and assumption of risk should be applied to the case of an apprentice from that which is usually applied in the case of an ordinary servant."

*A. H. Davis,* for plaintiff, cited: Civil Code (1910), §§ 3131? et seq.; 3120, 3122, 3126, 3128; 24 *Ga. App.* 671; 9 *Ga. App.* 738 (2); 118 *Ga.* 651; 136 *Ga.* 633; 13 *Ga. App.* 799, 807, 810; 14 *Ga. App.* 35, 39; 22 *Ga. App.* 180 (2); Id. 309 (2, 4).

*Napier, Wright & Wood, J. N. Johnson,* for defendant, cited: Civil Code (1910), § 3131; 2 *Ga. App.* 81; 126 *Ga.* 667; 118 *Ga.* 581 (2); 140 *Ga.* 459; 5 *Ga. App.* 148; 127 *Ga.* 406; 123 *Ga.* 35 (3); 10 *Ga. App.* 179; 132 *Ga.* 232; 134 *Ga.* 712 (1).