26931. AUSTIN *v.* HENRY GRADY HOTEL COMPANY.

DECIDED DECEMBER 5, 1938.

*Samuel A. Eplan,* for plaintiff.
*John M. Slaton, James J. Slaton,* for defendant.

MacINTYRE, J. In the present case it was alleged that the plaintiff was employed as an elevator operator in a hotel operated by the defendant; that during the hours of her employment she was given rest periods, and during one of such rest periods she went to a coffee shop located on the premises but which was not

alleged to have been operated by the defendant; that it had been her custom to obtain ice for the purpose of making ice water to drink, and she was informed by those in charge of the coffee shop that she could obtain ice at the ice machine in the basement, and that she went to the basement, requested ice of the person in charge of said machine, and was told by such person to obtain the same for herself; that in attempting to obtain said ice her hand came in contact with a saw which was a part of said ice machine and was severely injured. It is not alleged that the plaintiff's employer had the right or attempted to control her activities during the alleged rest periods, nor is it shown that the employer maintained the machine, expressly or impliedly, for the purpose of providing its employees with ice, nor is it shown that the employer did not provide other and more convenient means of obtaining drinking water for its employees.

We are of the opinion that the petition when properly construed shows that the plaintiff, in making the trip to the basement and in attempting to obtain ice from the ice machine, temporarily stepped aside from the business of her master, and that the master, as such, owed her no duty in reference thereto. It must appear that she was in the line of her duty when injured. An invitation may cover the right as a servant to be protected by the ordinary care of the owner, not only upon such portions of the premises as may be necessary for mere ingress and egress, but upon those parts which are necessary or incidental to the mutual business or purposes of the employment. But the servant may not wander at will to out of the way or dangerous places on the premises, or use parts thereof for purposes wholly disconnected from and in no way pertaining to the business in hand or the objects of the employment; and if in so doing he is injured, the liability of the owner is no greater than it would be to a mere licensee. *Smith* v. *Jewell Cotton Mill Co.*, 29 *Ga. App.* 461 (116 S. E. 17) ; *West* v. *Smith & Kelly Co.*, 42 *Ga. App.* 653 (157 S. E. 261) ; *Dellinger* v. *Elm City Cotton Mills*, 29 *Ga. App.* 127 (113 S. E. 702) ; *Strange* v. *Wrightsville and Tennille R. Co.*, 133 *Ga.* 730 (66 S. E. 774) ; 39 C. J. § 467 and notes. Compare *Hicks* v. *Atlantic Coast Line R. Co.*, 17 *Ga. App.* 69 (86 S. E. 250). The court did not err in sustaining the general demurrer and in dismissing the plaintiff's petition.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*