33413. MOBLEY *v.* DURHAM IRON CO. INC.

DECIDED APRIL 6, 1951.

692

James V. Davis, for plaintiff.

Peacock, Perry & Kelley, for defendant.

SUTTON, C. J. (After stating the foregoing facts.) ∎ It is conceded by the defendant in its brief that "the petition is not technically subject to general demurrer on the ground that it appears therefrom that the plaintiff's remedy for the injury sustained was under the provisions of the Workmen's Compensation Act." The facts shown by the petition in this respect are that the plaintiff had been employed by the defendant, and, on the day of his injury, he was to commence work at 2 p. m.; that he arrived on the defendant's premises at 1:40 or 1:45 p. m., although he was not required by the defendant to arrive before 2 p. m.; that he was not then subject to the defendant's direction or control, not engaged in the performance of any duty or work connected with his employment, and not engaged in any act preparatory to going to work, but was merely killing time until 2 p. m.; that during this period before 2 p. m. the plaintiff went to the only rest room on the premises available to colored employees, and after using the rest room he passed by a workbench where another employee was engaged in cutting metal with a hammer and chisel; and that the plaintiff was struck in his eye by a flying particle of metal and injured as alleged.

The petition was not subject to demurrer because it failed to negative the presumption that the Workmen's Compensation

Act applied, since no facts raising that presumption appear in the petition. *Bussell* v. *Dannenberg Co.*, 34 *Ga. App.* 792 (3) (132 S. E. 230); *Reid* v. *Lummus Cotton-Gin Co.*, 58 *Ga. App.* 184 (197 S. E. 904); *Flint Electric Membership Corp.* v. *Posey*, 78 *Ga. App.* 597 (2) (51 S. E. 2d, 869). Compare *Hockmuth* v. *Perkins*, 55 *Ga. App.* 649 (191 S. E. 156).

■ The plaintiff contends that the relation of master and servant did not actively exist between the plaintiff and the defendant. This question is to be determined from the allegations of fact in the petition, under the law applicable thereto. In the case of *Holliday* v. *Merchants &c. Transportation Co.*, 161 *Ga.* 949 (132 S. E. 210), affirming s. c., 32 *Ga. App.* 567 (124 S. E. 89), it was held that the relation of master and servant existed where a sailor, returning to his ship from a short shore-leave, demanded entrance at the gate to the ship-owner's wharf, and was killed in an altercation with the gatekeeper. The relation of master and servant was also held to exist where a typist was taking her lunch in a cafeteria provided by the master. *Holman* v. *American Automobile Ins. Co.*, 201 *Ga.* 454 (39 S. E. 2d, 850). We are of the opinion that the relation of master and servant did exist between the parties at the time of the injury in the present case.

"Although there is some authority to the contrary, the general rule is that the relation exists when the servant is on the premises of his master in anticipation of his work, although the actual time of taking up his duties has not arrived, but it has been held not to exist where the servant is on the premises unreasonably early and contrary to custom." 56 C. J. S. 868, Master and Servant, § 180 a. Also, "In going to and from his place of work upon the premises of his employer, an employee is deemed as a general rule to be engaged in his employment; and the employer, in providing for him a way to pass and repass, is bound to exercise, with respect to the safety of the way, the degree of care which is implied by the contract of service. Of course, where it appears that the employee elected to go by a way which was unusual or not contemplated by the employer, the employee rather than the employer may be held to have been responsible for the calamity." 35 Am. Jur. 601, Master and Servant, § 173.

It is alleged that the plaintiff was on the premises of the de-

fendant 15 or 20 minutes early, and this would not be unreasonably early. The plaintiff alleged that he was waiting to commence work, and that he had gone to the rest room available to and customarily used by the defendant's colored employees, with the defendant's knowledge. The rest room and the route to it were not out of the way places on the premises used for purposes wholly disconnected from the objects of the employment. Compare *Austin* v. *Henry Grady Hotel Co.*, 58 *Ga. App.* 861 (200 S. E. 466), and cases therein cited. The case of *Snowball* v. *Seaboard Air-Line Railway*, 130 *Ga.* 83 (60 S. E. 189), relied on by the plaintiff in support of the proposition that the plaintiff was but a member of the general public on the defendant's premises, is easily distinguished, for in that case the plaintiff did not appear to have been on the defendant's premises in anticipation of or in connection with his employment; although he was an employee of the defendant, he was off duty and standing at a public crossing of the defendant's right-of-way. Under the facts of the present case, the relation of master and servant existed between the parties at the time of the injury.

■ The plaintiff concedes in his brief that, if the relation of master and servant existed between the parties at the time of the injury, the first count, alleging that the injury occurred through the negligence of a fellow servant, does not set out a cause of action. However, the plaintiff contends that a cause of action is set out in both the second and third counts of the petition, which allege that the injury was occasioned by the defendant's conducting a dangerous operation on its premises and negligently failing to warn the plaintiff of the danger or to take precautions to protect the plaintiff.

It was held in *Holman* v. *American Automobile Ins. Co.*, 201 *Ga.* 454 (2), 460 (supra) that, "Upon one who brings a suit against his master for injuries it is incumbent to show not only negligence on the part of the master, but due care on his part; and it must appear that the person injured did not know and had not equal means of knowing all that is charged as negligence to the master, and by the exercise of ordinary care could not have known thereof. [Citations.]"

According to the allegations of the petition, which does not even generally allege due care on the part of the plaintiff, the

plaintiff had been employed sometime previous to the date of his injuries, and it is not shown that he was unfamiliar with the kind of operations conducted on the defendant's premises. Cutting metal with hammer and chisel is alleged to be within the scope of the business of the defendant. Thus the danger of the operation conducted near the route to the rest room was not hidden, nor suddenly arising, in the manner of an emergency. If the master knew or should have known of the danger of this operation, there is nothing in the petition indicating that the plaintiff did not know, or why he should not have known, of the danger. While the particles of metal which flew from the work as the hammer struck the chisel are alleged to have been invisible, it is a fair inference that the metal being cut, the chisel, the hammer, and the force of the blows required to cut the metal were apparent to the plaintiff. Under these apparent circumstances it was not improbable that injury might occur to one nearby, yet the plaintiff was not thereby deterred from passing by the workbench where the metal was being cut. "In the absence of any allegation to the contrary, it must be assumed that the plaintiff was of ordinary intelligence and laboring under no disability which rendered him incapable of knowing and appreciating dangers incident to his employment. The ordinary risks of the employment, though there be dangers attendant thereon, are assumed by the servant, and especially is this true where the dangers are obvious." *Self* v. *West*, 82 *Ga. App.* 708 (1, a) (62 S. E. 2d, 424). See also, *Hadden* v. *Stone Mountain Granite Co.*, 25 *Ga. App.* 298 (103 S. E. 266).

It appearing that the plaintiff could have avoided his injury by the exercise of ordinary care, and that the risks were so obvious as to have been assumed by the servant, neither the second nor the third count of the petition set out a cause of action, and the trial judge did not err in sustaining the demurrer to the petition.

*Judgment affirmed. Felton and Worrill, JJ., concur.*