19732.  HORN v. PLANTERS PRODUCTS COMPANY.

JENKINS, P. J. 1. Under the workmen's compensation act, the rights and remedies therein granted to an employee "where he and his employer have accepted the provisions of this act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise on account of such injury, loss of service or death." Ga. L. 1920, pp. 167, 176, § 12; Michie's Code (1926), § 3154 (12). The use of the word "accident" in the section just quoted, as well as in § 2 (d) (Michie's Code (1926), § 3154 (2 d)), was not intended to exclude from the operation of the statute injuries chargeable to negli: gence on the part of either the employer or the employee, but the word is used for the purpose of distinguishing the kind of injuries dealt with by the statute from diseases not naturally growing out of injuries arising out of and in the course of employment, from injuries caused by the wilful act of a third person directed against such employee, for reasons personal to such employee (Michie's Code (1926), § 3154 (2 d)), and from wilful misconduct on the part of the employee. Ga. L. 1920, pp. 167, 177, § 14; Michie's Code (1926), § 3154(14). "One of the main objects of the workmen's compensation act was to enable an injured employee to recover from an employer when, of course, he comes under the act according to a scheduled and limited rate of compensation, regardless of assumption of risk or of whose negligence caused the injury; thus assuring the employee of some compensation for the injury, and assuring the employer that his liability will be limited." *Critchfield v. Aikin*, 33 *Ga. App.* 668, 672 (127 S. E. 816).

2 According to the provisions of the workmen's compensation act, "'Employee' shall include every person, including a minor in the service of another under any contract of hire or apprenticeship, written or implied, except one whose employment is not in usual course of the trade, business, occupation or profession of the employer and as hereinafter set out. Minors are included even though working in violation of any child-labor law or other similar statute, provided that nothing herein contained shall be construed as repealing or altering any such law or statute." Ga. L. 1920, pp. 167, 168, § 2 (b); Michie's Code (1926), § 3154 (2 b). Accordingly, whatever might be the rule but for this plain and unequivocal provision of the act (and the argument for plaintiff in error is certainly strong), a minor, though employed and put to work in violation of the provisions of the child-labor law, must be taken to be an employee, in so far as necessary to give operation to the workmen's compensation law, for and against each of the parties to the employment. See Ga. L. 1920, pp. 167, 175, § 6; Michie's Code (1926), § 3154 (6); Humphries v. Boxley, 146 Va. 91 (135 S. E. 890, 49 A. L. R. 1427).

3. This was a suit for damages by the mother on account of the homicide of her fourteen-year-old son, alleged to have been brought about by the negligence of the defendant, his employer. Under the foregoing rul-

788

ings, the court did not err in overruling the plaintiff's motion to strike the defendant's plea in bar setting up the exclusive applicability of the workmen's compensation law, and in dismissing the petition.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 24, 1930.

*H. G. Rawls, R. L. Cox, P. D. Rich,* for plaintiff.
*Bryan & Middlebrooks, J. T. Goree,* for defendant.