## 19977. TEEMS *v.* ENTERPRISE MANUFACTURING CO.

DECIDED AUGUST 28, 1930.

*H. H. Browne, Thomas L. Hill, Minor W. Dempsey,* for plaintiff.
*James S. Bussey Jr.,* for defendant.

STEPHENS, J.   Mrs. Josephine Teems instituted suit for damages for personal injuries against Enterprise Manufacturing Company. It appears from the allegations in the plaintiff's petition that she, while in the employment of the defendant, was injured by the alleged negligence of the defendant in its breach of duty as master in not furnishing her a safe place in which to work, and that the defendant regularly had in its service ten employees in the same business within this State.   The petition was dismissed upon general and special demurrer, and the plaintiff excepted.

Irrespective of whether the petition fails to allege a right of action at common law or one not arising under the workmen's compensation act, by reason of the fact that the petition fails to allege that the plaintiff had not accepted the provisions of the compensation act, the plaintiff's sole contention as respects the question as to whether she can recover at common law, or by virtue of the workmen's compensation act, is, as contained in the brief of her counsel, "that the workmen's compensation act was not intended to apply to a case of tort where negligence was the cause in that in said act the word 'accident' is used, whereas the word 'accident' and 'negligence' have no application," but that the act applies only where the injury complained of resulted from an "accident," and that "accident excludes all and every responsibility because of negligence."   This question has since been settled adversely to plaintiff in error in *Horn* v. *Planters Products Co.,* 40 *Ga. App.* 787 (151 S. E. 552), wherein this court held that the workmen's compensation act, in providing compensation for injuries resulting from "accident," did not intend "to exclude from the operation of the statute injuries chargeable to negligence on the part of either

the employer or the employee." The court therefore did not err in sustaining the demurrer to the petition.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*