21966. WEBB *v.* TUBIZE-CHATILLON CORPORATION.

STEPHENS, J. 1. Where an employee has, as is provided in the workmen's compensation act, accepted the act, his rights against the employer to recover on account of any injuries sustained by reason of the employer's breach of any duty to the employee, arising out of the relation between them, which was that of master and servant, are determinable solely under the provisions of the act, and, as expressly provided in the act, are not determinable at common law. This is true notwithstanding the injuries complained of did not result from an accident, and therefore the employee, although he had accepted the act, could not recover compensation therefor. Ga. L. 1920, p. 167, §§ 4, 12, 15; *Holliday* v. *Merchants & Miners Transportation Co.,* 32 *Ga. App.* 567 (124 S. E. 89); *McCoy* v. *Southern Lumber Co.,* 38 *Ga. App.* 251 (143 S. E. 611); *Horn* v. *Planters Products Co.,* 40 *Ga. App.* 787 (151 S. E. 552).

2. Since pleadings must be construed most strongly against the pleader, and since the right of an employee to recover for injuries sustained by him as a result of his employer's negligence in the performance of the latter's duties as a master is determinable either at common law or under the provisions of the workmen's compensation act, depending upon whether the employee has accepted the provisions of the workmen's compensation act as provided in that act and thereby excluded his right to recover at common law, a petition in a suit to recover at common law, brought by the employee against the employer, fails to set out a cause

of action and is subject to general demurrer where it fails to show by competent allegations that the plaintiff's rights are not determinable under the provisions of the workmen's compensation act, but are determinable at common law.

3. In this case, in which an employee sought to recover at common law for injuries alleged to have been sustained by him as a result of the employer's negligence, although it appeared from the petition that the injury complained of consisted of a condition of the employee's lungs caused from poisonous fumes and was not the result of an accident, and therefore was not compensable under the provisions of the workmen's compensation act, the petition failed to show that the plaintiff had a right of action at common law, and was properly dismissed on demurrer.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 22, 1932.

*M. B. Eubanks,* for plaintiff.
*Barry Wright, Wright & Covington,* for defendant.