23088. MALONEY, next friend, *v.* KIRBY.

*Curry & Curry,* for plaintiff.

*Lester & Whatley, Bussey & Fulcher,* for defendant.

JENKINS, P. J. 1. The rights and remedies of an injured employee within the scope of the workmen's compensation act are controlled by its provisions, "exclude all other rights and remedies . . at common law or otherwise on account of such injury," and are within the sole jurisdiction of the Department of Industrial Relations, subject only to judicial review as provided by the act. Acts 1920, pp. 167, 176, § 12 (Michie's Code, § 3154 (12); *McCoy* v. *Southern Lumber Co.,* 38 *Ga. App.* 251 (2), 252 (143 S. E. 611).

2. Under section 2 (b) of the compensation act, "minors are included even though working in violation of any child-labor law or other similar statute." Michie's Code, § 3154 (2-b); *Horn* v. *Planters Products Co.,* 40 *Ga. App.* 787 (2) (151 S. E. 552).

3. Under the last-mentioned section of the act, an "employee" includes "every person . . in the service of another under any contract of hire or apprenticeship, written or implied, except one whose employment is not in the usual course of the trade, business, occupation, or profession of the employer." By the amendatory act, approved August 27, 1925 (Ga. L. 1925, 282, 283), the provision excluding "casual employees," contained in section 15 of the original act of 1920 (Ga. L. 1920, 167, 177), was stricken, so that such exclusion would apply only to "employees not in the usual course of the trade, business, occupation, or profession of the employer or not incidental thereto." The effect of the amendment was thus to remove from the exceptions of the act those temporary employments which under the original language might have been deemed merely "casual," and to differentiate the present language of the statute from the acts and decisions of other States where the employee must be "a person in constant and continuous service for however brief a period of time." See Louisville &c. R. Co. *v.* Wilson, 138 U. S. 501, 505 (11 Sup. 405, 34 L. ed. 1023); Cohen *v.* Rosalsky, 246 N. Y. S. 299; 20 C. J. 1241. Temporary or ir-

regular employees are especially provided for by subdivision (c) of section 2, which, after fixing the basis for computing compensation to an employee who on the date of the accident received a "regular wage," then fixes "the wages of the employees of the same class, in the same employment, in the same locality, or, if that be impracticable, of neighboring employees of the same kind," as the basis of compensation for an "injured person who has not been receiving regular wages and has been employed for such a short period of time that it is impracticable to accurately determine his wages."

4. Under the preceding holdings, an injured fourteen-year-old boy comes within the scope of the compensation act, where at the time of his injury he was engaged in feeding meat to a sausage-grinding machine at a meat market under the call and direction of the owner's manager, acting within the scope of his employment; and where, although there was no express contract of employment or stipulated compensation, the work was not a single, special transaction or being done gratuitously, but the boy had previously done work in the store in the afternoons after school, on Saturdays whenever called upon to do so by the owner, and on other occasions when called upon to do work of the same character, upon the completion of which, on each occasion, he was paid ten or fifteen cents, and on Saturdays (when called upon) fifty cents; and where, at the time of the injury, the owner regularly had in service in the same business more than ten employees. A petition filed in a superior court claiming damages for personal injuries, but setting forth facts as above indicated, failed to show that the plaintiff's rights were not determinable under the workmen's compensation act, but determinable at common law, showed an implied contract of employment coming within the act, and was subject to the general demurrer (which the court sustained) upon the ground that the petition failed to state a cause of action, and that the exclusive jurisdiction of the controversy was in the Department of Industrial Relations. See also *Webb* v. *Tubize-Chalillon Cor.*, 45 *Ga. App.* 744 (165 S. E. 775).

*Judgment affirmed. Stephens and Sutton, JJ., concur.*