24016.   GRIGGS *v.* ZIMMERMAN.

DECIDED OCTOBER 26, 1934.

*E. S. Griffith, Carpenter & Ellis,* for plaintiff.
*Harold Hirsch, Marion Smith, Welborn B. Cody,* for defendant.
BROYLES, C. J.   Under sections 12 and 46 of the workmen's compensation act (Ga. L. 1920, p. 167), where a minor employee under the age of eighteen years receives an injury for which compensation is payable, and the properly constituted guardian of the

employee elects to receive compensation, and does receive from the employer in payment therefor more than three hundred dollars, such payment relieves the employer of all liability. This is true although the minor employee may have been working in violation of some "child-labor law or other similar statute" *(Horn* v. *Planters Products Co.,* 40 *Ga. App.* 787, 151 S. E. 552), and although the employer at the time of the injury did not have ten or more employees. Counsel for the plaintiff in error cite the cases of Silurian Oil Co. *v.* White, (Tex. Civ. App.) 252 S. W. 569, and King *v.* Viscoloid Co., 219 Mass. 420 (106 N. E. 988, Ann. Cas. 1916 D, 1170). The first is a Texas case, and the other from Massachusetts. Under the Georgia compensation statute, these cases are not applicable, because, as was said by the Court of Appeals of Texas in the White case, supra, "the Massachusetts statute, like the Texas act, relating to the question of workmen's compensation, contains no express provision depriving the parent of an injured minor of his common-law right of action, and the court held in the King case that an existing common-law right of action is not taken away by a statute save by direct enactment *or necessary implication,* and that laws depriving a citizen of rights possessed by them should be strictly construed." (Italics ours.) There is a "necessary implication" from the language of the Georgia compensation statute that the parents of an injured minor employee are deprived of their common-law right to recover for the loss of the minor's services where the duly constituted guardian of the minor has previously received compensation, under an award by the Department of Industrial Relations, for the injuries sustained by the minor. Under the foregoing rulings and the facts of the instant case, the trial judge did not err in overruling the demurrer to the defendant's answer or in nonsuiting the plaintiff.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*