26729.   REID *v.* LUMMUS COTTON-GIN COMPANY.

DECIDED JUNE 6, 1938. ' ADHERED TO ON REHEARING, JULY 8, 1938.

*G. Y. Tigner,* for plaintiff. '
*Neely, Marshall & Greene, Battle & Smith,* for defendant.

FELTON, J.   1. Where an employee sues his employer for an injury arising out of the alleged negligence of the employer, the mere fact that the relationship of employer and employee existed raises no presumption that the parties are subject to the workmen's compensation act. *Bussell* v. *Dannenberg Co.,* 34 *Ga. App.* 792 (3) (132 S. E. 230). Where the facts alleged show that the injury sued for would be compensable if the parties came under the workmen's compensation act, the fact that the petition alleged an erroneous conclusion of law, to wit, that the injury described in the petition was not compensable, would not render the petition subject to general demurrer, where it did not allege that the employer employed more than ten persons or had accepted the act. The same would be true as to any other similar erroneous conclusion of law. The test of the sufficiency of a petition against general demurrer is whether the defendant can admit all that is well pleaded and escape liability. 'The principle of the plaintiff's being estopped by reason of a position assumed in the suit upon the acquiescence of the opposite party is not here involved. There was

no ruling in *Webb* v. *Tubize-Chatillon Cor.*, 45 *Ga. App.* 744 (165 S. E. 775), or in *Hockmuth* v. *Perkins*, 55 *Ga. App.* 649 (191 S. E. 156), to the effect that where a suit is by an employee against an employer there is a presumption that the compensation law applies, and that the petition must negative the fact. In the former case the record shows that the parties had accepted the act, and what was there ruled was premised on that fact. The ruling in the latter case is in reality the same. The special demurrer calling attention to the fact that there was no allegation as to the number of employees employed by the defendant was not passed on, and in the briefs of counsel no argument was made that such was necessary. The attorney for the employee pitched his case on the sole question as to whether the injury was compensable. The decision was based on that question alone. The petition in the instant case alleged that the injury sued for was not compensable, but did not allege that the defendant employed more than ten persons or that the parties had accepted the compensation act.

2. The Georgia workmen's compensation act was intended to include injuries resulting from the negligence of the employer in every particular, whether arising under common-law or statutory duties, and the pain and suffering incident to such injuries. In this case the injury sued for was alleged to have been due to the failure to furnish to the plaintiff a safe place to work and safe appliances with which to work. Not being a disease, and not coming within any exception named in the workmen's compensation act, it is such an accident as is contemplated by the said act. The word "accident," as used in the act, includes every injury except diseases not naturally growing out of injuries arising out of and in the course of employment, injuries caused by the wilful act of a third person directed against such employee for reasons personal to him, and wilful misconduct on the part of the employee, and the act precludes action at common law or *otherwise*. Ga. L. 1920, pp. 167, 176, § 12; *Horn* v. *Planters Products Co.*, 40 *Ga. App.* 787 (151 S. E. 552); *Teems* v. *Enterprise Manufacturing Co.*, 41 *Ga. App.* 708 (154 S. E. 466); *Berkeley Granite Cor.* v. *Covington*, 183 *Ga.* 801 (190 S. E. 8); *Hockmuth* v. *Perkins*, 55 *Ga. App.* 649 (191 S. E. 156). Code, § 114-104, applies solely to penalties, and does not so limit or qualify § 114-103 as to provide any greater remedy to the employee.

3. The mere fact that the plaintiff was a minor would not render the workmen's compensation act inapplicable if the accident was compensable and the parties came under the act, in the absence of an allegation that notice was given as provided by the act. *Horn* v. *Planters Products Co.*, *Hockmuth* v. *Perkins,* supra; *Maloney* v. *Kirby,* 48 *Ga. App.* 252 (172 S. E. 683).

4. The petition did not allege that the injuries were not the result of such an accident as is contemplated by the workmen's compensation act. It did not show on its face that the defendant came under the said act; and for this reason it was error to sustain the general demurrer thereto.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*

ON REHEARING.

The original judgment is adhered to. The foregoing is substituted for the original opinion, which is withdrawn.