26901. JONES *v.* LUMBERMEN'S MUTUAL CASUALTY COMPANY *et al.*

DECIDED NOVEMBER 16, 1938.

*Foley & Chappell, Albert W. Stubbs Jr.,* for plaintiff.

*Young & Carnes,* for defendants.

STEPHENS, P. J.   1.   It is only an employee who is the servant of another for hire who is entitled to be paid compensation under the workmen's compensation act.   A person who performs a gratuitous service for another, although at the latter's request or suggestion, but which he performs for his own pleasure and accommodation, does not thereby become the employee or servant of the person for whom he performs the service.   Not being a servant or employee of the other person, he is not entitled to compensation from such person for an injury received by him while in the performance of the service.   Code, § 114-101.

2.   On a hearing before the Department of Industrial Relations of a claim for compensation where it appeared from the evidence adduced that an automobile company consented for one of its employees, at his request, to allow him to ask the claimant, who was a good chauffeur, to accompany him to an adjoining city and bring back two new automobiles for the company, that the company did so with the express understanding with its employee who made the request that it would not pay the claimant anything therefor, that its employee stated he would get the claimant and his wife to accompany him and his girl friend on such trip, that this was communicated to the claimant and his wife and they agreed to go, that these four went in an automobile together, that upon arrival they ate a meal for which the employee paid, stating that he would charge the same to his expense account, and that on the return trip the claimant was injured by the wreck of the automobile which he was driving, the director was authorized to find that there was no contract of employment between the company and the claimant, and that the claimant was making a gratuitous trip for the pleasure of himself and his wife.   The board on review did not err in affirming this award, and the superior court on appeal did not err in affirming the award.   See *Georgia Power Co.* v. *Middlebrooks,* 34 *Ga. App.* 156 (128 S. E. 777) ; *Howard* v. *Georgia Power Co.,* 49 *Ga. App.* 420, 422 (6) (176 S. E. 69) ; *Maloney* v. *Kirby,* 48 *Ga. App.* 252 (172 S. E. 683).

*Judgment affirmed.   Sutton, J., concurs.   Felton, J., dissents.*