## HARDWARE MUTUAL CASUALTY CO. *et al. v.* SPRAYBERRY.

No. 14417.   FEBRUARY 9, 1943.

*James B. Hamilton Jr.,* and *W. E. Buntin,* for plaintiff in error.
*Lanham & Parker,* contra.

GRICE, Justice.   The answer to the questions propounded calls

for a decision as to what was meant by the use of the word "accident" in that part of our workmen's compensation act relating to hernia, now codified as section 114-412 of the Code.

The word occurs several times in the act. Indeed the entire legislation now comprising title 114 of the Code is built around "injury by accident." In *Covington* v. *Berkeley Granite Corporation,* 182 *Ga.* 235, 237 (184 S. E. 871), after quoting the caption of the original act, and the language of certain of its sections, it was observed that "It is apparent from these provisions that the workmen's compensation act can not be applied except in case of 'injury by accident.'" In *Reid* v. *Lummus Cotton-Gin Co.,* 58 *Ga. App.* 184, 185 (197 S. E. 904), it is written: "The word 'accident,' as used in the act, includes every injury except diseases not naturally growing out of injuries arising out of and in the course of employment, injuries caused by the wilful act of a third person directed against such employee for reasons personal to him, and wilful misconduct on the part of the employee; and the act precludes action at common law or *otherwise.* Ga. L. 1920, pp. 167, 176, § 12; *Horn* v. *Planters Products Co.,* 40 *Ga. App.* 787 (151 S. E. 552) ; *Teems* v. *Enterprise Manufacturing Co.,* 41 *Ga. App.* 708 (154 S. E. 466) ; *Berkeley Granite Cor.* v. *Covington,* 183 *Ga.* 801 (190 S. E. 8) ; *Hockmuth* v. *Perkins,* 55 *Ga. App.* 649 (191 S. E. 156)."

While not dealing with a hernia case, this court, in *Lumbermen's Mutual Casualty Co.* v. *Griggs,* 190 *Ga.* 277 (9 S. E. 2d, 84), went thoroughly into the question whether a rupture of a blood vessel that took place while the employee was doing the usual work of his employment, the rupture causing paralysis of his left limbs, was a compensable accidental injury within the meaning of our workmen's compensation law. In the opinion in that case will be found a collection of authorities, both from this State and from other jurisdictions. The reasoning on which that decision rests directly supports the view that in the ordinary class of injuries it is not an essential to recovery that the claimant show that the injury was sustained in an extraordinary occurrence in or about the performance of the work engaged in at the time. There was no dissent from the following statement in the majority opinion in that case: "It must be conceded that the legislature at the time it enacted the statute with which we are now dealing knew the broad

meaning of the word 'accident.' Had it desired that this word be limited in its scope and confined to any particular types of accidents, it would, as it had the power and right to do, have so defined and restricted it. Not having done so, the unambiguous language of the act should not be changed by judicial interpretation."

It has generally, though not universally, been held that a hernia sustained as a result of a strain by an employee while performing his work is an accident, or an accidental injury within the meaning of the workmen's compensation acts, although there was no unexpected, unusual, or fortuitous happening, other than such injury. Such is the statement made by the editor in a foreword to an elaborate note on this question, appended to the report of the case of Giguere *v.* E. B. & A. C. Whiting Co., 107 Vt. 151 (177 Atl. 313), in 98 A. L. R. 196, 205, where numerous decisions are noted. Nearly all of the decisions which hold such injuries to be compensable are based on statutes dealing with workmen's compensation laws which contain no special section relating to hernia, while many of them are from States whose statutes merely prescribe that the injury, to be compensable, must arise from a "fortuitous event." Very few authorities have been found contrary to the general rule as to compensation in hernia cases, as above announced. Those from other jurisdictions which do run counter to the current place their rulings on the proposition that the proper meaning of the words, "accident," "accidental injury," "injury by accident," and the like, excludes any injury which happened when the employee was doing the usual work of his employment in the usual way, and which did not arise by reason of some extraordinary occurrence. As indicated above, such is not the interpretation heretofore adopted by this court; but on the contrary, a broad rather than narrow one has been applied.

It is said, however, that in this State the rule is different by virtue of that portion of our law in the Code, § 114-412, so much of which as is pertinent reads as follows: "In all claims for compensation for hernia resulting from injury by accident arising out of and in the course of the employee's employment it must be definitely proved to the satisfaction of the Department of Industrial Relations: first, that there was an injury resulting in hernia; second, that the hernia appeared suddenly; third, that it was accom-

panied by pain; fourth, that the hernia immediately followed an accident; fifth, that the hernia did not exist prior to the accident for which compensation is claimed." There is no express statement that the word "accident" as there used, or the phrase "injury by accident," shall be construed differently in hernia cases from their meaning in other portions of the same act. It would have been easy so to declare had the lawmakers intended that the injury by accident there referred to should be sustained in some extraordinary occurrence in and about the work engaged in. They did in some respects put a greater burden on claimants in this class of cases than in most others. It is required by the section just quoted in part that, among other things, it be shown that the hernia appeared suddenly, that it was accompanied by pain, and that it immediately followed an accident. It appears to us as rather significant that the act, while containing a special section on the subject of hernia, and in the particulars pointed out, wrote into the law certain limitations on the right to claim compensation for hernia resulting from injury by accident, omitted the requirement that the injury must be one sustained in an extraordinary occurrence.

In Central Surety & Insurance Corporation v. Industrial Commission of Colorado, 84 Colo. 481 (271 Pac. 617), the Supreme Court of Colorado was reviewing the confirmation of an award in a hernia case. The workmen's compensation act of that State contained a section which dealt specially with that subject. It provided that "An employee, in order to be entitled to compensation for hernia, must clearly prove, first, that its appearance was accompanied by pain; second, that it was immediately preceded by some accidental strain suffered in the course of the employment." There was in that case no extraordinary occurrence that brought about the injury. In the opinion it was said: "The facts would seem, not only to justify, but to require, compensation, if the statutory provision quoted above does not forbid. Courts must give effect to that provision, just as they must give effect to other provisions of the statute; there is no reason, however, for singling out this particular provision, and giving to it, and to it alone, a strict, narrow construction. . . To constitute an accidental injury, it is not necessary that there should be anything extraordinary occurring in or about the work itself, such as slipping, or falling, or

being hit." In a clear and forceful opinion, in which is a full discussion of the subject, the court held that the injury was compensable. It was there noted, as may here be done, that the hernia is the protrusion that results from something that has happened.

The Alabama statute contains a section similar in language to ours, as to when there may be compensation for hernia resulting from injury by accident. The requirements of the Alabama workmen's compensation law are, that there was an injury resulting in hernia; that it was accompanied by pain; that the hernia immediately followed an accident, and did not exist before the accident. Woodward Iron Co. *v.* Vines, 217 Ala. 369 (116 So. 514). In Gulf States Creosoting Co. *v.* Walker, 224 Ala. 104 (139 So. 261), it was held that the development of inguinal hernia is an accident compensable under the act. It was not there shown that the hernia was brought about by an injury sustained in an extraordinary occurrence, but to the contrary. The court gave to the word "accident," in that portion of the Alabama law above referred to, its popular or ordinary meaning, and, so rendering it, held that it meant "happening by chance, unexpectedly taking place; not according to the usual course of things; or not as expected." The Georgia statute and the Alabama statute use the identical language, to wit, "that the hernia immediately followed an accident." The Alabama case therefore is squarely in point.

When that which causes it was an accident as generally defined, then the hernia follows an accident; and if the claimant, under the applicable section of our Code, is otherwise entitled to compensation, it is not to be denied him merely because the injury was sustained in an act of his which was done in the usual and expected manner in the ordinary performance of his duties.

The first question is answered in the *affirmative;* the second in the *negative.*                              *All the Justices concur.*