32261. FLINT ELECTRIC MEMBERSHIP CORPORATION
*v.* POSEY.

DECIDED FEBRUARY 11, 1949.

*Smith, Elliott & Swinson, J. R. Lunsford, Haas & Hurt,* for plaintiff in error.

*A. C. Felton III, Dan S. Beeland,* contra.

SUTTON, C. J. This is an action for damages instituted in Taylor Superior Court by Mrs. Thelma McCrary Posey against the Flint Electric Membership Corporation on account of the death of her minor son, Terrell Floyd Posey, who, according to the allegations of the petition, was killed while in the employ of

the defendant due to its negligence, and upon whom she was dependent and who contributed to her support. The defendant filed general and special demurrers to the petition, and the plaintiff amended her petition to meet certain special demurrers. All demurrers were overruled by the trial judge, and the defendant excepted. The controlling question here presented is whether or not this action comes within that class of cases for which an exclusive remedy is provided by the Workmen's Compensation Law (Code, Title 114).

■ By the provisions of the Workmen's Compensation Law, Code (Ann. Supp.) § 114-101, an employer is defined as follows: " 'Employer' shall include the State of Georgia and all departments thereof, any municipal corporation within the State, and any political division thereof, *and any individual, firm, association or corporation engaged in any business operated for gain or profit* [italics ours], except as hereinafter provided, and the receiver or trustee of the same, and the legal representative of a deceased employer, using the service of another for pay. If the employer is insured this term shall include his insurer as far as applicable." Code (Ann. Supp.) § 114-107 provides, in part, that "This Title shall not apply to . .; nor to any persons, firm, or private corporation, including any public service corporation, that has regularly in service less than 10 employees in the same business within this State, unless such employees and their employers voluntarily elect to be bound." The defendant in the petition in this case is named as the Flint Electric Membership Corporation, and it is alleged that the defendant is a Georgia corporation, with its principal office and place of business in Reynolds, Taylor County, Georgia. Title 34A of the Code, Ann. Supp., Ga. L. 1937, p. 644, and amendments thereto, provide for the organization and operation of co-operative and nonprofit electric membership corporations. Certain sections of this law are as follows: Code (Ann. Supp.) § 34A-103: "Co-operative, nonprofit, membership corporations may be organized under this Chapter for the purpose of engaging in rural electrification by any one or more of the following methods: (1) The furnishing of electric energy to persons in rural areas who are not receiving electric service from any corporation subject to the jurisdiction of the Georgia Public Service Commission, or from

any municipal corporation. (2) Assisting in wiring of the premises of its members or the acquisition, supply, or installation of electrical or plumbing equipment therein. (3) The furnishing of electric energy, wiring facilities, electrical or plumbing equipment or services to any member corporation organized under this Chapter." Code (Ann. Supp.) § 34A-108: "The words 'electric membership corporation' shall not be used in the corporate name of corporations hereafter organized under the laws of this State, or authorized to do business herein, other than those organized pursuant to the provisions of this Chapter." Code (Ann. Supp.) § 34A-115: "Each corporation shall be operated without profit to its members, but the rates, fees, rents or other charges for electric energy and any other facilities, supplies, equipment, or services furnished by the corporation shall be sufficient at all times: (1) To pay all operating and maintenance expenses necessary or desirable for the prudent conduct of its business and the principal of and interest on the obligations issued or assumed by the corporation in the performance of the purpose for which it was organized, and (2) For the creation of reserves." Nonprofit organizations do not come under the definition of employer as defined in the Workmen's Compensation Law. Code (Ann. Supp.) § 114-101, supra. In *Hall* v. *Georgia Milk Producers Confederation,* 61 *Ga. App.* 676 (7 S. E. 2d, 330), it was held that the Georgia Milk Producers Confederation, organized and existing under the provisions of the Co-operative Marketing Act (Code § 65-201 et seq.) as a nonprofit organization, was not subject to the provisions of the Workmen's Compensation Law. Under the circumstances shown in the present case, the name of the defendant would carry with it a presumption that the defendant is lawfully organized and operating as an electric-membership corporation, unless and until the contrary may be shown, and as such, is not an employer within the definition of the term as used in the Workmen's Compensation Law.

■ Furthermore, it is true that where, from the pleadings or issues made, it affirmatively appears that the employer and employee would ordinarily come under the provisions of the Workmen's Compensation Law, or where other facts are affirmatively shown which bring the case under the provisions of the law, there

is a presumption (see Code, § 114-201) that they come under this law and its exclusive remedies, and the plaintiff must negative this presumption by proper pleading in order to maintain an action for injuries which is not brought under the provisions of the Workmen's Compensation Law; but where, from the pleadings or issues made, it neither appears that the employer and employee are or are not an employer and employee as defined under the provisions of the Workmen's Compensation Law, and nothing else appears to indicate that the action is one coming under the provisions of the Workmen's Compensation Law, there is no presumption which the plaintiff must negative in order to maintain an action not brought under the provisions of the Workmen's Compensation Law. See, in this connection, *Bussell* v. *Dannenberg Co.*, 34 *Ga. App.* 792 (3) (132 S. E. 230); *Reid* v. *Lummus Cotton-Gin Co.*, 58 *Ga. App.* 184 (197 S. E. 904). Nothing contrary was ruled in *Horn* v. *Planters Products Co.*, 40 *Ga. App.* 787 (151 S. E. 552); *Webb* v. *Tubize Chatillon Corp.*, 45 *Ga. App.* 744 (165 S. E. 775); *Maloney* v. *Kirby*, 48 *Ga. App.* 252 (172 S. E. 683); *Hockmuth* v. *Perkins*, 55 *Ga. App.* 649 (191 S. E. 156), cited by the plaintiff in error. In each of the four cases last mentioned, some affirmative fact appeared which carried with it a presumption that it was a case coming under the provisions of the Workmen's Compensation Law. The original record in the *Horn* case discloses that the facts set out in a plea in bar, showing that the defendant was an employer as defined by the Workmen's Compensation Law and that the deceased was an employee, were admitted by the plaintiff in a hearing before the trial judge on a motion to strike the plea in bar, and the issues passed upon by the Court of Appeals were in respect to the exclusive relief afforded by the Workmen's Compensation Law, on account of the death of an employee, who was a minor, which arose out of and in the course of employment, and was due to the alleged negligence of the employer. In the *Webb* case, the original record shows that the employer and employee were operating under the provisions of the Workmen's Compensation Law, under which the plaintiff had been denied compensation, and the issue passed upon by this court was whether or not the employee had a cause of action at common law for injuries arising out of and in the course of employment

due to alleged negligence on the part of the employer, but not compensable under the provisions of the Workmen's Compensation Law. An inspection of the original record in the *Maloney* case discloses that the plaintiff alleged that the defendant was operating a meat market and had 41 employees, and the issue passed upon was whether or not the injured party, a 14-year-old part-time helper, was an employee within the scope of the Workmen's Compensation Law. In the *Hockmuth* case the employer operated a bakery, and it does not appear that any question was raised in respect to whether or not the employer was within the scope of the Workmen's Compensation Law, and the issues passed upon included the question of whether or not it appeared that the injured party was an employee within the scope of the Workmen's Compensation Law. Under the facts as pleaded in the present action no presumption arose that the case came under the Workmen's Compensation Law, and the plaintiff need not affirmatively show wherein the case does not come under the Workmen's Compensation Law in order to maintain a different action.

■ The trial judge did not err in overruling the defendant's demurrers to the petition based on the ground that the action was one coming under the provisions of the Workmen's Compensation Law.

*Judgment affirmed.   Parker and Townsend, JJ., concur.*