21472. SOUTHERN WIRE & IRON, INC. v. FOWLER *et al.*

ARGUED JANUARY 17, 1962—DECIDED MARCH 8, 1962—
REHEARING DENIED MARCH 23, 1962.

*Smith, Field, Ringel, Martin & Carr, Palmer H. Ansley,* for plaintiff in error.

*Poole, Pearce & Hall, John S. Patton, John L. Westmoreland, John L. Westmoreland, Jr., Harry P. Hall, Jr.,* contra.

HEAD, Presiding Justice.   John Fowler filed an action for damages against Southern Wire & Iron, Inc., and its president, Charles Z. Borochoff.   The general demurrers of both defendants were overruled, and on review the Court of Appeals affirmed the judgment as to both defendants.   See *Borochoff v. Fowler,* 98 Ga. App. 411 (105 SE2d 764) for a statement of the facts and the opinion of the court.   Thereafter Southern Wire & Iron, Inc., in a motion for summary judgment asserted that, at the time the plaintiff received his injuries, he was an employee acting in the course of his employment, and that at that time the movant was subject to the Workmen's Compensation Act of Georgia.   It was contended that the employee's exclusive remedy was before the Workmen's Compensation Board.   The motion for summary judgment was granted, and the plaintiff excepted. On review the Court of Appeals reversed.   *Fowler v. Southern Wire & Iron, Inc.,* 104 Ga. App. 401 (122 SE2d 157).   The application for writ of certiorari of Southern Wire & Iron, Inc., was granted by this court.

1.   The decision of the Court of Appeals in *Borochoff v. Fowler,* 98 Ga. App. 411, supra, is the law of the case as to the right of the employee Fowler to proceed in his action for damages against the defendant Borochoff.   As to the corporate defendant it was held that the petition was not subject to general demurrer since it did not show that the corporate defendant was under the Workmen's Compensation Act.

2.   Where an employer and employee are under the provisions of the Workmen's Compensation Act, compensation to the employee "on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee . . . at common law or otherwise." *Code* § 114-103.   Under the provisions of § 114-102 the employee's right to recover for an "injury" or "personal injury" is limited to an accident arising out of and in the course of the employment, and does not cover "injury caused by the wilful act of a third person."   Under

§ 114-105 compensation shall not be allowed "for an injury or death due to the employee's wilful misconduct."

The opinion of the Court of Appeals here under review recites that the parties stipulated in the trial court that the corporate defendant is under the provisions of the Workmen's Compensation Act. The scope of the Workmen's Compensation Act in this State, and the injuries included within the meaning of the word "accident", were stated by Judge Felton (now Chief Judge) for the Court of Appeals in *Reid v. Lummus Cotton-Gin Co.*, 58 Ga. App. 184, 185 (197 SE 904), as follows: "The Georgia workmen's compensation act was intended to include injuries resulting from the negligence of the employer in every particular, whether arising under common-law or statutory duties, and the pain and suffering incident to such injuries . . . *The word 'accident,' as used in the act, includes every injury except diseases not naturally growing out of injuries arising out of and in the course of employment, injuries caused by the wilful act of a third person directed against such employee for reasons personal to him, and wilful misconduct on the part of the employee, and the act precludes action at common law or otherwise.* [Italics ours.] Ga. L. 1920, pp. 167, 176, '§ 12; *Horn v. Planters Products Co.*, 40 Ga. App. 787 (151 SE 552); *Teems v. Enterprise Manufacturing Co.*, 41 Ga. App. 708 (154 SE 466); *Berkeley Granite Corp. v. Covington*, 183 Ga. 801 (190 SE 8); *Hockmuth v. Perkins*, 55 Ga. App. 649 (191 SE 156). *Code* § 114-104 applies solely to penalties, and does not so limit or qualify § 114-103 as to provide any greater remedy to the employee." In *Hardware Mutual Casualty Co. v. Sprayberry*, 195 Ga. 393 (24 SE2d 315), this court approved the construction of the word "accident" as set forth in *Reid v. Lummus Cotton-Gin Co.*, supra.

In *McLaughlin v. Thompson, Boland & Lee*, 72 Ga. App. 564 (1, 3) (34 SE2d 562), it was stated in part as follows: "Where an employee has accepted the workmen's compensation act as is therein provided, his rights against the employer to recover on account of injuries sustained by reason of the breach of any duty arising out of the relation are determinable solely under the provisions of the act, and are not determinable at common law.

*Code* § 114-103; *Webb v. Tubize-Chatillon Corp.,* 45 Ga. App. 744 (165 SE 775); *Stebbins v. Georgia Veneer & Pkg. Co.,* 51 Ga. App. 56 (179 SE 649) . . . Where a servant is injured by a fellow servant or superior employee in a dispute, not provoked by the injured servant, arising over the conduct of the master's business, the injury may be the result of an accident, in so far as the injured employee is concerned."

The case of *Echols v. Chattooga Mercantile Co.,* 74 Ga. App. 18 (38 SE2d 675), was an action for damages based upon an assault on the employee by the manager of the corporate defendant. In the opinion it was held that: "The injuries which he [the plaintiff] sustained were clearly the result of an accident within the terms of the Workmen's Compensation Act, and being so, his remedy against the employer is exclusively within the jurisdiction of the State Board of Workmen's Compensation and not in the Superior Court of Chattooga County. *Code* § 114-103; *Wall v. J. W. Starr & Sons Lumber Co.,* 68 Ga. App. 552 (23 SE2d 452); *Grice v. U. S. Fidelity &c. Co.,* 187 Ga. 259 (200 SE 700); *Maloney v. Kirby,* 48 Ga. App. 252 (172 SE 683); *Bartram v. Atlanta,* 71 Ga. App. 313 (30 SE2d 780)."

In the opinion of the Court of Appeals in the present case, reversing the summary judgment granted in the trial court, it is stated that: "We have found no decision in which this description of 'accident' [*Reid v. Lummus Cotton-Gin Co.,* supra] appears that involves an intentional tort by an employer upon an employee." Cases from other jurisdictions are cited pertaining to the right of an employee to recover for intentional attacks by his employer or by an agent of the employer, and the opinion contains quotations from such cases. We are not concerned in the present case with an intentional assault by the employer on the employee. No actual assault was made on the plaintiff by anyone. The employer was Southern Wire & Iron Inc., and not its president, Borochoff.

Mr. Larson in his text, "The Law of Workmen's Compensation," Vol. 2, § 68.21, p. 156, states: "The moral reason for permitting common-law suits is, of course, the righteous indignation one feels against the actual person who deliberately injures another. Here is where the three states have gone wrong

which have allowed the suit based on an agent's conduct." The three cases cited as being wrong are three of those cited and relied upon in the opinion of the Court of Appeals. See Heskett v. Fisher Laundry & Cleaners Co., 217 Ark. 350 (230 SW2d 28); Stewart v. McLellan's Stores Co., 194 S.C. 50 (9 SE2d 35); Lavin v. Goldberg Building Material Corp., 274 App. Div. 690 (87 N.Y.S.2d 90). The general rule in this country is not to allow common law actions against the employer for injuries brought about by a supervisory employee. In § 68.23, at page 160, Mr. Larson states the reason for this in the following language: "Perhaps the strongest argument against allowing suit against the employer for a supervisory employee's intentional assault is a practical one; acceptance of this rule would mean that in all assault cases by one co-employee on another, of which there are hundreds, you would have only to show that the assailant was one notch higher on the totem-pole than the victim, and the compensation act would go out the window. So, in a large factory, with layer upon layer of foremen, supervisors, managers, executives and officers, the exclusiveness of compensation would no longer depend on whether the assault was merely another work-connected quarrel, but would turn on the relative rank of participants—a consideration which has no bearing on work-connection at all."

The defendant's president Borochoff made no assault on the plaintiff. At most he wilfully failed to furnish the plaintiff a safe place to work. Regardless of the cause for his failure to provide a safe place to work, the result is the same, the employee's sole remedy against the employer, Southern Wire & Iron, Inc., was under the State Workmen's Compensation Act.

*Judgment reversed. All the Justices concur.*