Mrs. Lillian M. SKELTON, Plaintiff,

v.

W. T. GRANT COMPANY, Defendant.

Civ. A. No. 8471.

United States District Court
N. D. Georgia,
Atlanta Division.

Aug. 22, 1963 and Sept. 12, 1963.

Haas, Dunaway, Shelfer & Haas, Atlanta, Ga., for plaintiff.

Smith, Ringel, Martin & Carr, Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

Defendant has filed a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted because,

(a) Under the law of Georgia defendant is not liable to plaintiff for the acts alleged to have been committed by its employees; and,

(b) Plaintiff's right to maintain this action is foreclosed by the provisions of Georgia Code § 114–103.

The complaint alleges a willful slander and false imprisonment of plaintiff by a fellow servant and employee of defendant corporation. It is not specifically alleged that plaintiff was detained at the instance and direction of the corporate defendant, which is an essential to recovery for false imprisonment under Georgia law. Smith v. Rich's, Inc., 104 Ga.App. 883, 885, 123 S.E.2d 316 (1961). Nevertheless it was alleged that the employee was acting within the scope of his employment so that evidence of authorization to act would be admissible.

Therefore, the motion to dismiss under Paragraph (a) must be overruled. See Conley v. Gibson, 355 U.S. 41, 47, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

However, the motion to dismiss upon the ground that Georgia Code § 114–103 (Workmen's Compensation Act) supersedes all common law rights of action (Paragraph b) is meritorious. See Southern Wire & Iron, Inc. v. Fowler, 217 Ga. 727, 124 S.E.2d 738 (1962).

Therefore, defendant's motion to dismiss will be granted upon receipt of an affidavit or stipulation to the effect that defendant corporation is under the provisions of the Workmen's Compensation Act; defendant to submit an appropriate Order.

## ORDER OF COURT.

Counsel for plaintiff has moved the Court to reconsider the Order of August 22, 1963 dismissing plaintiff's action upon the ground that plaintiff's alleged injuries would be compensable under the Georgia Workmen's Compensation law and therefore constitute a basis for recovery of damages in this Court.

The Order passed by this Court was passed after careful study of the decision by the Georgia Supreme Court in Southern Wire & Iron, Inc. v. Fowler, 217 Ga. 727, 124 S.E.2d 738, and the cases cited therein.

It must be readily conceded that at first blush it would not appear reasonable to assume that a false arrest of an em-

ployee by a fellow employee superior in rank would be compensable under the Workmen's Compensation Act, or could constitute an accident. This would seem to be particularly true where the false arrest did not result in any personal injuries and loss of time by the plaintiff, as Workmen's Compensation Acts are generally designed to cover physical impairment, lost wages, medical expenses and the like.

However, a careful reading of the above decision by the Georgia Supreme Court, and cases therein cited, lead to no other conclusion except the conclusion that the Act was designed to cover the situation involved herein. The Supreme Court expressly warned against contrary rulings being made on account of "the righteous indignation one feels against the actual person who deliberately injures another" (217 Ga. 730, 124 S. E.2d). The Court further stated:

"The general rule in this country is not to allow common law actions against the employer for injuries brought about by a supervisory employee". (Practical reasons for such ruling are there stated, see p. 731, of 217, 124 S.E.2d 738, 740.)

The Supreme Court of Georgia cited and approved the case of McLaughlin v. Thompson, Boland & Lee, Inc., 72 Ga. App. 564, 34 S.E.2d 562, wherein Headnote 1 reads as follows:

"Where an employee has accepted the Workmen's Compensation Act as is therein provided, his rights against the employer to recover on account of injuries sustained by reason of the breach of any duty arising out of the relation are determinable solely under the provisions of the act, and are not determinable at common law. Code, § 114–103; Webb v. Tubize-Chatillon Corporation, 45 Ga. App. 744, 165 S.E. 775; Stebbins v. Georgia Veneer & Pkg. Co., 51 Ga. App. 56, 179 S.E. 649."

Headnote 3 reads as follows:

"Where a servant is injured by a fellow servant or superior employee in a dispute, not provoked by the injured servant, arising over the conduct of the master's business, the injury may be the result of an accident, in so far as the injured employee is concerned. Horowitz on Workmen's Compensation, p. 86. See the following cases in which it has been held that an assault by a third person may be an accident as to the injured employee. Pinkerton [Nat. Detective] Agency v. Walker, 157 Ga. 548, 122 S.E. 202, 35 A.L.R. 557; Keen v. New Amsterdam Casualty Co., 34 Ga.App. 257, 129 S.E. 174."

It should be borne in mind that we are not here concerned with the right of this plaintiff to recover against her fellow employee, superior in rank to her. Nevertheless, plaintiff's injuries allegedly arose "on account of injury sustained by reason of the breach of (a) duty arising out of the relation" between the parties, and her rights are not determinable at common law.

Another approach to this matter would be a construction of claims not covered by workmen's compensation. The Supreme Court in the case above referred to cited the case of Reid v. Lummus Cotton-Gin Company, 58 Ga.App. 184, on p. 185, 197 S.E. 904, on p. 905, where there was enumerated the class of injuries caused by "accident." The quoted portion reads as follows:

"The word 'accident,' as used in the act, includes every injury except diseases not naturally growing out of injuries arising out of and in the course of employment, injuries caused by the wilful act of a third person directed against such employee for reasons personal to him, and wilful misconduct on the part of the employee, and the act precludes action at common law or otherwise."

None of the exceptions apply in this case for plaintiff's injuries did not grow out of a disease, nor out of the willful act of another person growing out of personal reasons, nor to willful misconduct by the plaintiff. Plaintiff's injuries grew

out of a willful act of a fellow employee arising upon a controversy based upon the business of the defendant employer.

For the above reasons the motion to reconsider is overruled.